UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN EMMANUEL RODRIGUEZ,<br><br>              Plaintiff,<br><br>    v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>              Defendants. | HONORABLE NOEL L. HILLMAN<br><br>Civil Action<br>No. 18-11166 (NLH/JS)<br><br>**MEMORANDUM OPINION** |

**HILLMAN, District Judge:**

    This matter comes before the Court by way of the motion to dismiss filed by Defendants Hamilton Township Police and Gerhard Thoresen (hereinafter, "Moving Defendants"). (See Defs.' Mot. [Docket Item 11].) Plaintiff opposes this motion. (See Pl.'s Opp'n [Docket Item 14].) Moving Defendants did not file a brief in reply. For the reasons discussed below, Moving Defendants' motion to dismiss will be denied. The Court finds as follows:

    1. **Factual and Procedural Background.**[1] Plaintiff alleges that on June 18, 2018 he was engaged in a disagreement with Defendant Richard Gary, an employee of Defendant New Jersey Transit Corporation at the Hamilton Mall in Mays Landing, New

---

[1] The facts alleged are drawn from the Complaint [Docket Item 1], which the Court must accept as true for purposes of this motion.

Jersey. (See Compl. [Docket Item 1], 3.) Plaintiff alleges that Defendant Gary made a false statement to Defendant Thoresen, a police officer employed by Defendant Hamilton Township Police. (Id.) Plaintiff further alleges that Defendant Thoresen permitted Defendant Gary to retain Plaintiff's transit fare while removing Plaintiff from a bus. (Id.) Plaintiff admits that during the disagreement he threw two dimes "towards" Defendant Gary. (Id.) Additionally, Plaintiff alleges that Defendant Thoresen attempted to separate Plaintiff from Defendant Gary, but that Defendant Gary was nevertheless able to strike Plaintiff multiple times and the altercation included Defendant Thoresen falling on top of Plaintiff. (Id.) Later, Plaintiff alleges, Defendant Thoresen wrongfully charged Plaintiff with assaulting Defendant Gary. (Id.)

2. Plaintiff filed the present Complaint on June 26, 2018. (See generally id.) On December 11, 2018, the late Hon. Jerome B. Simandle, U.S.D.J., screened the Complaint for sua sponte dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as required by 28 U.S.C. § 1915(e)(2)(B), and determined that the Complaint sufficiently stated a claim for relief under 42 U.S.C. § 1983 against all Defendants. (See Order [Docket Item 2].) Judge Simandle's Order further permitted the Complaint to be filed and for summons to issue in this case. (See id.)

3. **Standard of Review.** Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A motion to dismiss may only be granted if a court concludes that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4. Although the Court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). A plaintiff should plead sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," Twombly, 550 U.S. at 556, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

5. **Discussion.** The instant motion asserts that the allegations in the Complaint must be dismissed against the Moving Defendants because Plaintiff fails to state any plausible

claim for relief as to them. (See Defs.' Mot. [Docket Item 11].) Plaintiff opposes the motion. (See Pl.'s Opp'n [Docket Item 14].) Moving Defendants proffer two arguments in support of their motion to dismiss and the Court shall address each in turn. For the following reasons, the Court will deny Moving Defendants' motion to dismiss.

    6.   <u>Alleged use of force by Defendant Thoresen.</u> Moving Defendants' first argument in support of their present motion reads, in its entirety:

> Plaintiff's [C]omplaint does not set forth any facts establishing a claim of excessive force by Defendant Thoresen. The [C]omplaint does not allege any force by Defendant Thoresen. In fact, the opposite is alleged in the [C]omplaint. Defendant [Thoresen] tried to protect Plaintiff and Defendant Gary from each other. All allegations of force are by Defendant Gary and Plaintiff.

(Mov. Defs.' Br. [Docket Item 11-1], 2-3 on the docket.) Moving Defendants do not present or analyze the legal standard relating to Plaintiff's excessive force claim; they only assert that Plaintiff's Complaint does not contain any allegations that Defendant Thoresen used any force whatsoever. (See id.) However, reading Plaintiff pro se's Complaint liberally, as the Court must, the Complaint appears to allege that Defendant Thoresen and Defendant Gary worked in concert to assault Plaintiff, with Defendant Thoresen acting as a "human shield" for Defendant Gary, who physically struck Plaintiff. (See

4

Complaint [Docket Item 1], 3.) The Complaint also alleges that Defendant Gary later used Defendant Thoresen to pin Plaintiff to the ground, allowing Defendant Gary to kick Plaintiff while he was defenseless. (See id.) The Complaint thereby alleges that Defendant Thoresen either alone or in concert with Defendant Gray physically restrained Plaintiff, allowing Defendant Gray to strike Plaintiff. If the further allegation that there was no justification for the physical restraint or strikes against Plaintiff is taken as true, which it must be at this juncture, the Complaint makes sufficient facial allegations for a claim of excessive force against Officer Thoresen.

7. <u>Alleged malicious prosecution and false arrest by Defendant Thoresen.</u> Moving Defendants' second argument in support of their present motion reads, in its entirety:

> Plaintiff alleges that Defendant Thoresen charged him with aggravated assault. Plaintiff admits he "threw dimes" at Defendant Gary. According to the [C]omplaint[,] Defendant Gary was a bus driver employed by [Defendant] New Jersey Transit [Corporation]. While throwing dimes at a person would normally be a simple assault, it is an aggravated assault when upon an operator of a motorbus. N.J.S.A. [§] 2C:12- 1(b)(5)(g). Based upon the facts alleged in the [C]omplaint, there is no viable claim for malicious prosecution. The [C]omplaint does not allege that Plaintiff was arrested, but if he was, there is no viable claim for false arrest for the same reason.

5

(Mov. Defs.' Br. [Docket Item 11-1], 3 on the docket.) Again, as above, Moving Defendants do not present or analyze the legal standards applicable to these claims. (See id.) Furthermore, this argument misstates what is contained in the Complaint. The Complaint alleges that Plaintiff threw "two dimes towards [Defendant] Gary." (Complaint [Docket Item 1], 3.) This sentence differs from Moving Defendants' recitation insofar as throwing dimes "towards" Defendant Gary does not necessarily mean that Plaintiff intended that the dimes hit Defendant Gary or that such a throw was intended to cause Defendant Gary any fear of being struck by the dimes. Moving Defendants, while citing to New Jersey's statute regarding the penalty for assaulting the operator of a motorbus, do not so much as attempt to analyze the elements of this offense or their applicability to this case. (See generally Mov. Defs.' Br. [Docket Item 11-1].) There is no allegation in the Complaint or in Moving Defendants' papers that Defendant Gary was actually injured by Plaintiff's actions, nor that Plaintiff "throwing two dimes towards [Defendant] Gary" was an attempt to cause Defendant Gary bodily injury, nor that this throw was intended to put Defendant Gary in fear of imminent serious bodily injury. Without such a showing, Moving Defendants' request to dismiss the portion of the Complaint alleging malicious prosecution must be denied.

8.  Additionally, while the Complaint does not allege that Plaintiff was handcuffed or that he was transported to jail, the allegations that Plaintiff was physically restrained and then later charged by Defendant Thoresen with aggravated assault against Defendant Gary, in conjunction with the allegations pertaining to malicious prosecution described, supra, and when read liberally, are sufficient to make out a claim for false arrest.  Therefore, this portion of Moving Defendants' motion to dismiss must also be denied.

9.  **Conclusion**.  For the foregoing reasons, the Court will deny Moving Defendants' motion to dismiss.  The accompanying Order will be entered.

**October 25, 2019**                     **s/ Noel L. Hillman**
Date                                       NOEL L. HILLMAN
                                            U.S. District Judge

At Camden, New Jersey