**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JEAN EMMANUEL RODRIGUEZ,

         Plaintiff,

    v.

THE STATE OF NEW JERSEY, et al.

         Defendants.

Civil Action No. 18-11166

**OPINION**

**APPEARANCES**:

JEAN EMMANUEL RODRIGUEZ
100 NEW ROAD
APT. F3
SOMERS POINT, NJ 08244

       *Plaintiff appearing pro se*

JESSICA ANN SAMPOLI
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625

       *Counsel for Defendant the State of New Jersey*

THOMAS B. REYNOLDS
REYNOLDS & HORN, P.C.
A PROFESSIONAL CORPORATION
116 S. RALEEIGH AVENUE
APARTMENT 9B
ATLANTIC CITY, NJ 08401

       *Counsel for Defendants Hamilton Township*
       *Police and Gerhard Thoresen*

**HILLMAN**, District Judge

    This matter comes before the Court on an Order to Show

1

Cause why the claims against Defendants New Jersey Transit

Corporation and Richard Gray should not be dismissed for failure

to serve the summons and complaint within the time set by

Federal Rule of Civil Procedure 4.  (ECF No. 41.)  Plaintiff

Jean Emmanuel Rodriguez ("Plaintiff") failed to respond to the

Court's Order.  For the reasons stated below, the Court will

dismiss New Jersey Transit Corporation and Richard Gray for

failure to serve.  FED. R. CIV. P. 4(m).

**BACKGROUND**

The factual and procedural history of this matter is set

forth in this Court's previous Opinion, Rodriguez v. N.J., No.

18-11166, 2021 WL 165106 (D.N.J. Jan. 19, 2021), and need not be

fully repeated.  Plaintiff filed suit against Defendants on June

26, 2018.  (ECF No. 1.)  Plaintiff also filed an application to

proceed without prepayment of fees ("in forma pauperis" or "IFP"

application) pursuant to 28 U.S.C. § 1915(a)(1).  (Id.)  On

December 11, 2018, this Court screened Plaintiff's complaint,

granted his IFP application, and ordered the Clerk to file the

Complaint and mail to Plaintiff a transmittal letter explaining

the procedure for completing the United States Marshals Service

("USMS") 285 Forms ("USMS 285 Form").

On December 12, 2018, the Clerk's Office sent a letter to

the Plaintiff notifying him that he must complete and return to

the USMS the USMS 285 Forms to allow him to serve his complaint

2

on Defendants through the USMS.  (ECF No. 3.)  The Clerk's

Office explained that Plaintiff must complete and return the

USMS 285 Forms to the USMS within thirty days and explicitly

warned that "the USMS Will NOT serve the summons and complaint

unless it receives a form for that defendant."  (Id.)  Moreover,

the Clerk's Office placed Plaintiff on notice that he is

required to serve his complaint on *each* Defendant within 90 days

of the date the complaint was filed.  The Clerk's Office further

explained that if within 90 days of the filing of the complaint

Plaintiff has not made service or requested an extension of

time, then the "Court may dismiss this action for failure to

prosecute under Rules 4(m) and 41(b) of the Federal Rules of

Civil Procedure."  (Id.)

It appears that Plaintiff never provided the USMS with the

required completed USMS 285 Form for Defendant Richard Gray that

would allow Plaintiff to serve his complaint on Defendant Gray

despite being notified such form must be completed for each

named defendant.  (ECF No. 5.)  It does not appear that

Plaintiff has ever made any attempt at all to serve Defendant

Richard Gray.

In addition, it appears that the USMS determined that the

address provided for the New Jersey Transit Corporation did not

exist when the Marshal attempted to complete service on February

6, 2019.  (ECF No. 8.)  On August 21, 2019, Plaintiff requested

that the summons be served to the New Jersey Transit Corporation
pursuant to Federal Rule of Civil Procedure 4.  (ECF No. 20.)
In this request, Plaintiff failed to provide the Court with a
new address for the New Jersey Transit Corporation following the
USMS's conclusion that the initial address provided did not
exist.  (Id.)  Beyond this, the Court is unaware of any
additional attempts by Plaintiff to successfully serve the New
Jersey Transit Corporation.

The docket does not indicate any further communication
regarding Defendant New Jersey Transit Corporation and Richard
Gray until this Court issued its Order to Show Cause on January
19, 2021.  In the Order to Show Cause, this Court required
Plaintiff to show cause within 20 days as to why his claims
against Defendants New Jersey Transit Corporation and Richard
Gray should not be dismissed for lack of prosecution for his
failure to effect service.  (ECF No. 41.)  Plaintiff has failed
to file a response to this Court's Order to Show Cause.

### DISCUSSION

Plaintiff's Complaint against Defendants Richard Gray and
New Jersey Transit Corporation will be dismissed for Plaintiff's
failure to comply with Federal Rule of Civil Procedure 4(m).
Rule 4(m) provides, "[i]f a defendant is not served within 90
days after the complaint is filed, the court - on motion or on
its own after notice to the plaintiff - must dismiss the action

4

without prejudice against that defendant or order that service
be made within a specified time. But if the plaintiff shows good
cause for the failure, the court must extend the time for
service for an appropriate period."  FED. R. CIV. P. 4(m).
Showing good cause "'requires a demonstration of good faith on
the part of the party seeking enlargement and some reasonable
basis for noncompliance within the time specified by the rule.'"
John Vorpahl v. The Kullman Law Firm, No. 17-1693, 2018 WL
813879, at *2 (D.N.J. Feb. 8, 2018) (quoting Veal v. United
States, 84 F. App'x 253, 256 (3d Cir. 2004)).

Three factors are considered when determining whether good
cause exists: "'(1) reasonableness of plaintiff's efforts to
serve, (2) prejudice to the defendant by lack of timely service,
and (3) whether plaintiff moved for an enlargement of time to
serve.'"  Id. (quoting MCI Telecommunications Corp. v.
Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)).  Even if
a plaintiff fails to show good cause, however, the district
court must still consider whether any additional factors warrant
a discretionary extension of time.  Petrucelli v. Bohringer &
Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).  Although courts
must liberally construe submissions by pro se parties,
Plaintiff's pro se status does not exempt him from compliance
with this Court's applicable rules.  See Jones v. Sec'y
Pennsylvania Dep't of Corr., 589 F. App'x 591, 593 (3d Cir.

5

2014) ("Although we liberally construe pro se filings,

[plaintiff] is not exempt from procedural rules or the

consequences of failing to comply with them.").

The Court finds that Plaintiff has not shown good cause for

failing to serve Defendants New Jersey Transit Corporation and

Richard Gray.  "In considering 'good cause,' 'the primary focus

is on the plaintiff's reasons for not complying with the time

limit in the first place."  Ashley v. Metelow, No. 15-3153, 2019

WL 6130749, at *2 (D.N.J. Nov. 19, 2019)(quoting MCI Telecomms.

Corp., 71 F.3d at 1097).  Plaintiff has not provided the Court

with any information as to why he has not served Defendants New

Jersey Transit Corporation and Richard Gray over two years since

the Complaint was filed, which is well past the Federal Rule of

Civil Procedure's 90-day requirement.

Even if Plaintiff was reasonably diligent in his initial

service efforts to serve Defendant New Jersey Transit

Corporation, he was not diligent after his first failed attempt

to serve Defendant New Jersey Transit Corporation.  The USMS

returned Defendant New Jersey Transit Corporation's summons

unexecuted on February 7, 2019.  In the "Remarks" section, the

Marshals wrote: "Address doesn't exist."  (ECF No. 8.)

Plaintiff waited until August 21, 2019 to write the Court to

request that the summons be served to the New Jersey Transit

Corporation pursuant to Federal Rule of Civil Procedure 4.  In

this request, Plaintiff failed to provide the Court with a new address for the New Jersey Transit Corporation following the USMS's conclusion that the initial address provided did not exist.

Plaintiff also failed to provide any reasoning for failing to address serving Defendant New Jersey Transit Corporation until 6 months after the summons was returned unexecuted. Plaintiff has failed to make any additional attempt to properly serve New Jersey Transit Corporation or any attempt at all to serve Defendant Richard Gray.  "Even allowing for Plaintiff's pro se status, given the time he has had to address the problem it cannot be reasonably concluded that he has been diligent or made a good faith effort to do so."  Ashley, 2019 WL 6130749, at *2 (quoting Landy v. Irizarry, 884 F. Supp. 788, 793 (S.D.N.Y. 1994)).

While Defendants Richard Gray and New Jersey Transit Corporation may not be prejudiced by the lack of timely service, Plaintiff has not provided a response to this Court's Order to Show Cause or sought an extension of time to serve Defendants Richard Gray and New Jersey Transit Corporation.  Moreover, while the Court recognizes its power to do so, after an examination of the record as a whole, there are no apparent additional factors that would warrant a discretionary extension of time by the Court sua sponte.  On balance, the proper remedy

7

here is dismissal without prejudice.  Thus, Plaintiff's lack of

compliance with Rule 4(m) warrants the dismissal of his claims

against Defendants Richard Gray and New Jersey Transit

Corporation without prejudice.

### CONCLUSION

For the above reasons, the claims against Defendants

Richard Gray and New Jersey Transit Corporation will be

dismissed.

An appropriate Order will be entered.


Date: February 12, 2021              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.